69C01-1901-CT-000002

Ripley Circuit Court

Filed: 1/28/2019 3:52 PM
Clerk
Ripley County, Indiana

| | | |
|---|---|---|
| STATE OF INDIANA | ) | IN THE RIPLEY CIRCUIT COURT |
| | ) SS: | |
| COUNTY OF RIPLEY | ) | CAUSE NO. |

SHANNON HALCOMB, individually, )
A.H. and I.H., minor children by )
their next friend and parent Shannon )
Halcomb, C.W., a minor child by his next )
friend and guardian, Sharon Woods, and )
SHARON WOODS, individually )
)
    Plaintiffs, )
)
v. )
)
TONY STERWERF TRUCKING, L.L.C. )
and ANTHONY STERWERF, )
)
    Defendants. )

## APPEARANCE OF ATTORNEY IN CIVIL CASE

Party Classification:    Initiating __X__    Responding ___    Intervening

    1.  The undersigned attorney and all attorneys listed on this form now appear in this case for Plaintiffs Shannon Halcomb, Sharon Woods, A.H., I.H. and C.W.

    2.  Applicable attorney information for service as required by Trial Rule 5(B)(2) and for case information as required by Trial Rules 3.1 and 77(B) is as follows:

        David W. Craig, #4356-98
        Scott A. Faultless, #15736-49
        William J. Kelley, #16989-69
        Christopher M. Barry, #26254-49
        Alexander R. Craig, #31273-49
        Samantha C. Craig Stevens, #32553-49
        Whitney L. Coker, #32556-48
        CRAIG KELLEY & FAULTLESS LLC
        5845 Lawton Loop East Drive

1

**EXHIBIT** *B*

Indianapolis, IN 46216
(317) 545-1760
(317) 545-1794 (facsimile)
ccrabtree@ckflaw.com (e-mail address)

3. There are other party members. Yes _X_ No ___.

4. The Clerk is requested to assign this case the following Case Type under Administrative Rule 8(b)(3):  CT

5. I will accept service by FAX only at the above noted number. Yes _X_ No

6. This case involves support issues: Yes ___ No _X_

7. There are related cases: Yes ___ No _X_

8. This form has been served on all other parties  Certificate of Service is attached: Yes _X_ No

9. Additional information required by local rule.  No other information is required by local rule.

Respectfully submitted,

CRAIG KELLEY & FAULTLESS LLC

/s/ Christopher M. Barry
Christopher M. Barry, #26254-49

/s/ Alexander R. Craig
Alexander R. Craig, 31273-49

Attorneys for Plaintiffs:

CRAIG KELLEY & FAULTLESS LLC
5845 Lawton Loop East Drive
Indianapolis, IN 46216
(317) 545-1760
(317) 545-1794 (facsimile)

2

## CERTIFICATE OF SERVICE

I hereby certify that a true and accurate copy of the foregoing Appearance of Initiating Party has been electronically filed using the Indiana E-Filing System.

I also certify that a true and accurate copy of the foregoing Appearance of Initiating Party is being served upon the Defendant(s) with the Summons and Complaint.

/s/ Christopher M. Barry
Christopher M. Barry

3

69C01-1901-CT-000002

Ripley Circuit Court

Filed: 1/28/2019 3:52 PM
Clerk
Ripley County, Indiana

| | | |
|---|---|---|
| STATE OF INDIANA | ) | IN THE RIPLEY CIRCUIT COURT |
| | ) SS: | |
| COUNTY OF RIPLEY | ) | CAUSE NO. |

SHANNON HALCOMB, individually,  )
A.H. and I.H., minor children by  )
their next friend and parent Shannon  )
Halcomb, C.W., a minor child by his next  )
friend and guardian, Sharon Woods, and  )
SHARON WOODS, individually  )
           )
    Plaintiffs,  )
       )
v.  )
       )
TONY STERWERF TRUCKING, L.L.C.  )
and ANTHONY STERWERF,  )
       )
    Defendants.  )

## COMPLAINT

Plaintiffs Shannon Halcomb, A.H., I.H., Sharon Woods and C.W., by counsel, hereby assert their claims for relief against Defendants Tony Sterwerf Trucking, L.L.C. and Anthony Sterwerf. In support hereof, the Plaintiffs state and allege:

1. At all times relevant herein, Shannon Halcomb was living with her daughters, A.H., age three (3) and I.H., age one (1), and domiciled in Ripley County, Indiana.

2. At all times relevant herein, Sharon Woods was the legal guardian of and living with C.W, age seventeen (17) and domiciled in Ripley County, Indiana.

3. At all times relevant herein, Anthony Sterwerf was domiciled in Butler County, Ohio.

4. At all times relevant herein, Tony Sterwerf Trucking, L.L.C. was doing business in Ripley County, Indiana.

1

5.  At all times relevant herein, Anthony Sterwerf was an employee of Tony Sterwerf Trucking, L.L.C. and working within the scope of said employment. As a result of an employee-employer relationship, Tony Sterwerf Trucking, L.L.C. is liable, under the theory of *respondeat superior*, for the negligent acts or omissions of Anthony Sterwerf.

6.  At all times relevant herein, Tony Sterwerf Trucking, L.L.C. was a motor carrier subject to the provisions of the Federal Motor Carrier Safety Regulations as incorporated by reference in Indiana Code §8-2.1-24-18.

7.  At all times relevant herein, the Semi-Tractor and Trailer being operated by Anthony Sterwerf was a commercial motor vehicle subject to the provisions of the Federal Motor Carrier Safety Regulations as incorporated by reference in Indiana Code §8-2.1-24-18.

8.  At all times relevant herein, as the driver and operator of the Semi-Tractor and Trailer, Anthony Sterwerf, was subject to the provisions of the Federal Motor Carrier Safety Regulations as incorporated by reference in Indiana Code §8-2.1-24-18.

9.  On October 24, 2018, at approximately 6:02 p.m., Sharon Woods was operating a Chevrolet eastbound on US 50, turning left onto State Road 129, in Ripley County, Indiana.

10. On October 24, 2018, at approximately 6:02 p.m., Shannon Halcomb, A.H., I.H., and C.W. were passengers in the Chevrolet being operated by Sharon Woods.

11. At said date and time, Anthony Sterwerf was operating a Semi-Tractor and

Trailer southbound on State Road 129, at the intersection with US 50, in Ripley County, Indiana.

12. At said date and time, there was a no sign directing eastbound traffic on US 50 to stop or yield at the intersection with State Road 129.

13. At said date and time, there was a sign directing southbound traffic on State Road 129 to stop at the intersection with US 50.

14. At said date and time, Anthony Sterwerf operated the Semi-Tractor and Trailer in such a negligent manner that it failed to yield the right-of-way and collided with the Chevrolet being occupied by Sharon Woods, Shannon Halcomb, A.H.,J.H., and C.W.

15. At all times relevant herein, Anthony Sterwerf owed various duties which included, but are not limited to, the following:

   a.  a duty to exercise reasonable and ordinary care in the operation of the vehicle;

   b.  a duty to maintain proper control of the vehicle;

   c.  a duty to keep a proper lookout;

   d.  a duty to operate the vehicle at a reasonable speed under the circumstances in order to avoid a collision;

   e.  a duty to yield the right-of-way; and

   f.  a duty to obey the stop sign.

16. On October 24, 2018, at approximately 6:02 p.m., Anthony Sterwerf negligently breached the duties that were owed which included, but are not limited

to, the following:

    a.  failing to exercise reasonable and ordinary care in the operation of the vehicle;

    b.  failing to maintain proper control of the vehicle;

    c.  failing to keep a proper lookout;

    d.  failing to operate the vehicle at a reasonable speed under the circumstances in order to avoid a collision;

    e.  failing to yield the right-of-way; and

    f.  failing to obey the stop sign.

17. Some or all of Anthony Sterwerf's negligent acts or omissions were violations of statutes or ordinances, for which there was no excuse or justification, that were designed to protect the class of persons, in which Sharon Woods, Shannon Halcomb, A.H., I.H., and C.W. were included, against the risk of harm which occurred as a result of the violations.

18. As a direct and proximate result of Anthony Sterwerf's negligence, Shannon Halcomb:

    a.  has sustained physical and emotional injuries, which might be permanent in nature and have affected the ability to function as a whole person;

    b.  has sustained physical pain and mental suffering, and it is likely physical pain and mental suffering will be experienced in the future, as a result of the injuries;

    c.  has incurred reasonable expenses for necessary medical care, treatment and

services, and it is likely expenses for future medical care, treatment, and service will also be incurred;

d. may have had personal property damaged or destroyed and lost the use of personal property;

e. may have lost earnings, profits or income;

f. may have lost or suffered an impairment of earning capacity;

g. may have sustained bodily disfigurement or deformity; and

h. may have been otherwise damaged and injured.

19. As a direct and proximate result of Anthony Sterwerf's negligence, I.H.:

a. has sustained physical and emotional injuries, which might be permanent in nature and have affected the ability to function as a whole person;

b. has sustained physical pain and mental suffering, and it is likely physical pain and mental suffering will be experience in the future, as a result of the injuries;

c. has incurred reasonable expenses for necessary medical care, treatment and services, and it is likely future medical care treatment and services will also be incurred;

d. may have sustained bodily disfigurement or deformity; and

e. may have been otherwise damaged or injured.

20. As a direct and proximate result of Anthony Sterwerf's negligence, A.H.:

a. has sustained physical and emotional injuries, which might be permanent in nature and have affected the ability to function as a whole person;

b.  has sustained physical pain and mental suffering, and it is likely physical pain and mental suffering will be experienced in the future, as a result of the injuries;

c.  has incurred reasonable expenses for necessary medical care, treatment and services, and it is likely expense for future medical care treatment and services will also be incurred

d.  may have sustained bodily disfigurement or deformity; and

e.  may have been otherwise damaged and injured.

21.  As a direct and proximate result of Anthony Sterwerf's negligence, Sharon Woods:

a.  has sustained physical and emotional injuries, which might be permanent in nature and have affected the ability to function as a whole person;

b.  has sustained physical pain and mental suffering, and it is likely physical pain and mental suffering will be experienced in the future, as a result of the injuries;

c.  has incurred reasonable expenses for necessary medical care, treatment and services, and it is likely expenses for future medical care, treatment, and service will also be incurred;

d.  may have had personal property damaged or destroyed, lost the use of personal property, and incurred towing and storage expenses;

e.  may have lost earnings, profits or income;

f.  may have lost or suffered an impairment of earning capacity;

6

g.  may have sustained bodily disfigurement or deformity; and

h.  may have been otherwise damaged and injured.

22.  As a direct and proximate result of Anthony Sterwerf's negligence, C.W.:

a.  has sustained physical and emotional injuries, which might be permanent in
    nature and have affected the ability to function as a whole person;

b.  has sustained physical pain and mental suffering, and it is likely physical
    pain and mental suffering will be experienced in the future, as a result of the
    injuries;

c.  has incurred reasonable expenses for necessary medical care, treatment and
    services, and it is likely expenses for future medical care, treatment, and
    service will also be incurred;

d.  may have lost or suffered an impairment of earning capacity; and

e.  may have been otherwise damaged and injured.

WHEREFORE, Plaintiffs Sharon Woods, Shannon Halcomb, A.H., I.H. and
C.W. pray that the Court enters a judgment against Defendants Tony Sterwerf
Trucking, L.L.C. and Anthony Sterwerf, and for Plaintiffs Shannon Halcomb, A.H.
and I.H., in an amount sufficient to reasonably compensate Plaintiffs Sharon
Woods, Shannon Halcomb A.H., I.H. and C.W. for the damages incurred and
injuries sustained, for costs, for a trial by jury on all issues in this cause, and all
other just and proper relief in the premises.

Respectfully submitted,

CRAIG KELLEY & FAULTLESS LLC

7

/s/ Christopher M. Barry
Christopher M. Barry, #26254-49


/s/ Alexander R. Craig
Alexander R. Craig, #31273-49

Attorneys for Plaintiffs:

CRAIG KELLEY & FAULTLESS LLC
5845 Lawton Loop East Drive
Indianapolis, IN 46216
(317) 545-1760
(317) 545-1794 (facsimile)

**69C01-1901-CT-000002**

Ripley Circuit Court

Filed: 1/28/2019 3:52 PM
Clerk
Ripley County, Indiana

| | | |
|---|---|---|
| STATE OF INDIANA | ) | IN THE RIPLEY CIRCUIT COURT |
| | ) SS: | |
| COUNTY OF RIPLEY | ) | CAUSE NO. |

SHANNON HALCOMB, individually, )
A.H. and I.H., minor children by )
their next friend and parent Shannon )
Halcomb, C.W., a minor child by his next )
friend and guardian, Sharon Woods, and )
SHARON WOODS, individually )
                                 )

      Plaintiffs,          )

                                   )

v.                                 )

                                   )

TONY STERWERF TRUCKING, L.L.C. )
and ANTHONY STERWERF, )
                                   )

      Defendants.        )

## SUMMONS

TO DEFENDANT:    Tony Sterwerf Trucking, L.L.C.
                       c/o Tami Sterwerf, Registered Agent
                       1100 Morman Road
                       Hamilton, OH 45013

You are hereby notified that you have been sued by the person named as Plaintiffs and in the Court indicated above. The nature of the suit against you is stated in the Complaint which is attached to this Summons. It also states the relief sought or the demand made against you by the Plaintiffs.

An answer or other appropriate response in writing to the Complaint must be filed either by you or your attorney within twenty (20) days, commencing the day after you receive this Summons, (and twenty-three (23) days if this Summons was received by mail), or a judgment by default may be rendered against you for the relief demanded by Plaintiffs.

If you have a claim for relief against the Plaintiffs arising from the same transaction or occurrence, you must assert it in your written answer.

2/4/2019
_____
      Date

*Ginger J. Bradford*
_____
Clerk of the Ripley County Courts   TW

Christopher M. Barry, #26254-49
Alexander R. Craig, #31273-49
CRAIG KELLEY & FAULTLESS LLC
5845 Lawton Loop East Drive
Indianapolis, IN 46216
(317) 545-1760

The following manner of service of Summons is hereby designated:

\_\_X\_\_ Registered or certified mail.
\_\_\_\_\_ Personal Service by Sheriff.
\_\_\_\_\_ Service upon Defendant at employment.
\_\_\_\_\_ Service upon agent or other.

RIPLEY COUNTY COURTS

SEAL

INDIANA

69C01-1901-CT-000002

Ripley Circuit Court

Filed: 1/28/2019 3:52 PM
Clerk
Ripley County, Indiana

| | | |
|---|---|---|
| STATE OF INDIANA | ) | IN THE RIPLEY CIRCUIT COURT |
| | ) SS: | |
| COUNTY OF RIPLEY | ) | CAUSE NO. |

SHANNON HALCOMB, individually,       )
A.H. and I.H., minor children by       )
their next friend and parent Shannon       )
Halcomb, C.W., a minor child by his next )
friend and guardian, Sharon Woods, and )
SHARON WOODS, individually       )
                                                                    )
                    Plaintiffs,                           )
                                                                    )
v.                                                               )
                                                                    )
                                                                    )
TONY STERWERF TRUCKING, L.L.C.  )
and ANTHONY STERWERF,               )
                                                                    )
                    Defendants.                         )
                                                                    )

## SUMMONS

TO DEFENDANT:     Anthony Sterwerf
                                    1100 Morman Road
                                    Hamilton, OH 45013

You are hereby notified that you have been sued by the person named as Plaintiffs and in the Court indicated above. The nature of the suit against you is stated in the Complaint which is attached to this Summons. It also states the relief sought or the demand made against you by the Plaintiffs.

An answer or other appropriate response in writing to the Complaint must be filed either by you or your attorney within twenty (20) days, commencing the day after you receive this Summons (and twenty-three (23) days if this Summons was received by mail), or a judgment by default may be rendered against you for the relief demanded by Plaintiffs.

If you have a claim for relief against the Plaintiffs arising from the same transaction or occurrence, you must assert it in your written answer.

2/4/2019
_____
Date

Christopher M. Barry, #26254-49
Alexander R. Craig, #31273-49
CRAIG KELLEY & FAULTLESS LLC
5845 Lawton Loop East Drive
Indianapolis, IN 46216
(317) 545-1760

*Ginger J. Bradford*
_____
Clerk of the Ripley County Courts TW

The following manner of service of Summons is hereby designated:

__X__   Registered or certified mail
_____   Personal Service by Sheriff
_____   Service upon Defendant at employer
_____   Service upon agent or other:

RIPLEY COUNTY COURTS
SEAL
INDIANA

| STATE OF INDIANA | ) | | IN THE RIPLEY CIRCUIT COURT |
|---|---|---|---|
| | ) | SS: | |
| COUNTY OF RIPLEY | ) | | CAUSE NO. 69C01-1901-CT-000002 |

SHANNON HALCOMB, individually,　　)
A.H. and I.H., minor children by　　 )
their next friend and parent Shannon 　)
Halcomb, C.W., a minor child by his next )
friend and guardian, Sharon Woods, and )
SHARON WOODS, individually　　 )
　　　　　　　　　　　　　　　　 )
　　　　Plaintiffs,　　　　　　　 )
　　　　　　　　　　　　　　　　 )
v.　　　　　　　　　　　　　　　 )
　　　　　　　　　　　　　　　　 )
TONY STERWERF TRUCKING, L.L.C. )
and ANTHONY STERWERF,　　　　 )
　　　　　　　　　　　　　　　　 )
　　　　Defendants.　　　　　　　 )

## CERTIFICATE OF ISSUANCE OF SUMMONS TO DEFENDANT, TONY STERWERF TRUCKING, LLC

I hereby certify, pursuant to Trial Rule 86(G)(c), that on the 4th day of February , 2019, I mailed a copy of the Summons issued by the Clerk and a copy of the file-marked Complaint to Defendant, Tony Sterwerf Trucking, LLC, by certified mail (tracking number 7016 1370 0001 8355 3983) and requested a return receipt signed by addressee.

DATED:　February 4, 2019

1

Respectfully submitted,

CRAIG KELLEY & FAULTLESS LLC


/s/Christopher M. Barry
Christopher M. Barry, #26254-49
Attorney for Plaintiff


Attorneys for Plaintiffs:

CRAIG KELLEY & FAULTLESS LLC
5845 Lawton Loop East Drive
Indianapolis, IN 46216
(317) 545-1760
(317) 545-1794 (facsimile)

2

Filed: 2/4/2019 9:59 AM
Clerk
Ripley County, Indiana

| | | |
|---|---|---|
| STATE OF INDIANA | ) | IN THE RIPLEY CIRCUIT COURT |
| | ) SS: | |
| COUNTY OF RIPLEY | ) | CAUSE NO. 69C01-1901-CT-000002 |

SHANNON HALCOMB, individually,  )
A.H. and I.H., minor children by       )
their next friend and parent Shannon )
Halcomb, C.W., a minor child by his next )
friend and guardian, Sharon Woods, and )
SHARON WOODS, individually          )
                                   )
      Plaintiffs,                 )
                                   )
v.                                     )
                                   )
TONY STERWERF TRUCKING, L.L.C. )
and ANTHONY STERWERF,        )
                                   )
      Defendants.             )

## CERTIFICATE OF ISSUANCE OF SUMMONS TO DEFENDANT, ANTHONY STERWERF

I hereby certify, pursuant to Trial Rule 86(G)(c), that on the 4th day of February, 2019, I mailed a copy of the Summons issued by the Clerk and a copy of the file-marked Complaint to Defendant, Anthony Sterwerf, by certified mail (tracking number 7016 1370 0001 8355 3990) and requested a return receipt signed by addressee.

      DATED:  February 4, 2019

Respectfully submitted,

CRAIG KELLEY & FAULTLESS LLC

/s/Christopher M. Barry
Christopher M. Barry, #26254-49
Attorney for Plaintiff

Attorneys for Plaintiffs:

CRAIG KELLEY & FAULTLESS LLC
5845 Lawton Loop East Drive
Indianapolis, IN 46216
(317) 545-1760
(317) 545-1794 (facsimile)

Filed: 2/23/2019 12:18 PM
Clerk
Ripley County, Indiana

**SENDER: COMPLETE THIS SECTION**

■ Complete items 1, 2, and 3.
■ Print your name and address on the reverse
  so that we can return the card to you.
■ Attach this card to the back of the mailpiece,
  or on the front if space permits.

1. Article Addressed to:

ANTHONY STERWERF
1100 MICKMAN RD
HAMILTON, OH 45013

9590 9402 3351 7227 5730 96

2. Article Number (Transfer from service label)

7016 1370 0001 8355 3990

PS Form 3811, July 2015 PSN 7530-02-000-9053

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X _____   ☐ Agent
                     ☐ Addressee

B. Received by (Printed Name)   C. Date of Delivery

D. Is delivery address different from item 1?   ☐ Yes
   If YES, enter delivery address below:         ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☑ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
    sured Mail Restricted Delivery
    ver $500)

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted
    Delivery
☑ Return Receipt for
    Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation
    Restricted Delivery

Domestic Return Receipt

Filed: 2/23/2019 12:18 PM
Clerk
Ripley County, Indiana

STATE OF INDIANA    )        IN THE RIPLEY CIRCUIT COURT
                     ) SS:
COUNTY OF RIPLEY   )        CAUSE NO. 69C01-1901-CT-000002

SHANNON HALCOMB, individually,  )
A.H. and I.H., minor children by  )
their next friend and parent Shannon  )
Halcomb, C.W., a minor child by his next )
friend and guardian, Sharon Woods, and )
SHARON WOODS, individually  )
                       )
     Plaintiffs,          )
                       )
v.                        )
                       )
TONY STERWERF TRUCKING, L.L.C. )
and ANTHONY STERWERF,    )
                       )
     Defendants.        )

## PROOF OF SERVICE OF SUMMONS ON
## DEFENDANT, TONY STERWERF TRUCKING, LLC

I hereby certify, pursuant to Trial Rule 86(G)(c), that on the 12th day of

February, 2019, I received the attached certified mail proof of delivery (tracking

number 7016 1370 0001 8355 3983), indicated that the Summons and Complaint in

this cause of action were served upon Defendant, Tony Sterwerf Trucking, LLC, c/o

Registered Agent, Tami Sterwerf, 1100 Morman Road, Hamilton, Ohio 45013, via

certified mail (tracking number 7016 1370 0001 8355 3983) on February 8, 2019.

DATED:  February 23, 2019

Respectfully submitted,

CRAIG KELLEY & FAULTLESS LLC

/s/David W. Craig

David W. Craig, #4356-98
Attorney for Plaintiffs

Attorneys for Plaintiff:

CRAIG KELLEY & FAULTLESS LLC
5845 Lawton Loop East Drive
Indianapolis, IN 46216
(317) 545-1760
(317) 545-1794 (facsimile)

2

Filed: 2/23/2019 12:18 PM
Clerk
Ripley County, Indiana

**SENDER:** *COMPLETE THIS SECTION*

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

TONY STERWERF TRUCKING
C/O TAMI STERWERF
1100 MORMAN RD.
HAMILTON, OHIO 45013

‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖

9590 9402 3351 7227 5731 02

2. Article Number *(Transfer from service label)*

7016 1370 0001 8355 3983

*COMPLETE THIS SECTION ON DELIVERY*

A. Signature
X Tony _____  ☐ Agent
                ☐ Addressee

B. Received by *(Printed Name)*    C. Date of Delivery
                                    RB 2/8

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:       ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☑ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery (over $500)

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☑ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

PS Form **3811**, July 2015 PSN 7530-02-000-9053          Domestic Return Receipt

| | | |
|---|---|---|
| STATE OF INDIANA | ) | IN THE RIPLEY CIRCUIT COURT |
| | ) SS: | |
| COUNTY OF RIPLEY | ) | CAUSE NO. 69C01-1901-CT-000002 |

SHANNON HALCOMB, individually,    )
A.H. and I.H., minor children by    )
their next friend and parent Shannon    )
Halcomb, C.W., a minor child by his next )
friend and guardian, Sharon Woods, and )
SHARON WOODS, individually    )
    )
    Plaintiffs,    )
    )
v.    )
    )
TONY STERWERF TRUCKING, L.L.C.  )
and ANTHONY STERWERF,    )
    )
    Defendants.    )

## PROOF OF SERVICE OF SUMMONS ON
## DEFENDANT, ANTHONY STERWERF

I hereby certify, pursuant to Trial Rule 86(G)(c), that on the 12th day of

February, 2019, I received the attached certified mail proof of delivery (tracking

number 7016 1370 0001 8355 3990), indicated that the Summons and Complaint in

this cause of action were served upon Defendant, Anthony Sterwerf, 1100 Morman

Road, Hamilton, Ohio 45013, via certified mail (tracking number 7016 1370 0001

8355 3990) on February 8, 2019.

    DATED:  February 23, 2019

Respectfully submitted,

CRAIG KELLEY & FAULTLESS LLC

/s/David W. Craig
David W. Craig, #4356-98
Attorney for Plaintiffs

Attorneys for Plaintiff:

CRAIG KELLEY & FAULTLESS LLC
5845 Lawton Loop East Drive
Indianapolis, IN 46216
(317) 545-1760
(317) 545-1794 (facsimile)

2

STATE OF INDIANA          )          RIPLEY CIRCUIT COURT
                          )  SS:
COUNTY OF RIPLEY          )          CAUSE NO.: 69C01-1901-CT-2

SHANNON HALCOMB, individually,          )
A.H. and I.H., minor children by        )
Their next friend and parent Shannon    )
Halcomb, C.W., a minor child by his next )
Friend and guardian, Sharon Woods, and  )
SHARON WOODS, individually,             )
                                        )
            Plaintiffs,                 )
                                        )
      vs.                               )
                                        )
TONY STERWERF TRUCKING, LLC and         )
ANTHONY STERWERF,                       )
                                        )
            Defendants.                 )

## APPEARANCE BY ATTORNEY IN CIVIL CASE

Party Classification:      **Defendants**

    1.      The undersigned attorney and all attorneys listed on this form now appear in this case for the following party member(s):
        **Tony Sterwerf Trucking LLC and Anthony Sterwerf**

    2.      Applicable attorney information for service as required by Trial Rule 5(B)(2) and for case information as required by Trial Rules 3.1 and 77(B) is as follows:

Christopher R. Whitten, Attorney No.  20429-49
Emily M. Gettum, Attorney No.  31012-41
WHITTEN LAW OFFICE
6801 Gray Road, Suite H
Indianapolis, IN 46237
(317) 362-0225 Telephone
(317) 362-0151 Facsimile
cwhitten@indycounsel.com
egettum@indycounsel.com

    3.      There are other party members:  No.

    4.      If first initiating party filing this case, the Clerk is required to assign this case the following Case Type under Administrative Rule 8(b)(3):  N/A.

5.    I will accept service by FAX at the above noted number:  No.

6.    This case involves support issues.  No.  (If yes, supply social security number for all family members).

7.    There are related cases:  No.

8.    This form has been served on all other parties.  Certificate of Service is attached:  Yes.

9.    Additional information required by local rule:  N/A.

Respectfully submitted,

WHITTEN LAW OFFICE

_____
Christopher R. Whitten/20429-49

_____
Emily M. Gettum/31012-41
*Counsel for Defendants,*
*Tony Sterwerf Trucking, LLC and*
*Anthony Sterwerf*

## CERTIFICATE OF SERVICE

I certify that on February 25, 2019, I electronically served the foregoing to the following participants:

Christopher M. Barry, Esq.
Alexander R. Craig, Esq.
CRAIG KELLEY & FAULTLESS, LLC
5845 Lawton Loop East Drive
Indianapolis, IN 46216
CBarry@ckflaw.com
ACraig@ckflaw.com

_____
Christopher R. Whitten
Emily M. Gettum

WHITTEN LAW OFFICE
6801 Gray Road, Suite H
Indianapolis, IN 46237
PH:   317-362-0225
Fax:  317-362-0151

2

Filed: 2/25/2019 11:15 AM
Clerk
Ripley County, Indiana

STATE OF INDIANA    )        RIPLEY CIRCUIT COURT
                    )  SS:
COUNTY OF RIPLEY    )        CAUSE NO.: 69C01-1901-CT-2

SHANNON HALCOMB, individually,    )
A.H. and I.H., minor children by    )
Their next friend and parent Shannon    )
Halcomb, C.W., a minor child by his next    )
Friend and guardian, Sharon Woods, and    )
SHARON WOODS, individually,    )
                          )
        Plaintiffs,    )
                          )
    vs.    )
                          )
TONY STERWERF TRUCKING, LLC and    )
ANTHONY STERWERF,    )
                          )
        Defendants.    )

## MOTION FOR ENLARGEMENT OF TIME

       Defendants, Tony Sterwerf Trucking, LLC and Anthony Sterwerf ("Defendants"), by counsel, respectfully request the Court for an enlargement of time of 30 days to respond to the Complaint ("Complaint") of Plaintiffs, and in support thereof, state as follows:

       1.    On or about February 8, 2019, Defendants, Tony Sterwerf Trucking, LLC and Anthony Sterwerf, were served with a copy of the Summons and Complaint via certified mail.

       2.    The time for Defendants to respond to Plaintiffs' Complaint has not yet expired.

       3.    Counsel for Defendants requires additional time to confer with his clients and to prepare an appropriate response to the Complaint.

       4.    No prior enlargement of time has been requested or obtained.

WHEREFORE, Defendants, Tony Sterwerf Trucking, LLC and Anthony Sterwerf, by counsel, respectfully request the Court for an enlargement of time of 30 days up to and including April 2, 2019, in which to respond to the Complaint and for all other just and proper relief.

Respectfully submitted,

WHITTEN LAW OFFICE

_____
Christopher R. Whitten/20429-49

_____
Emily M. Gettum/31012-41
*Counsel for Defendants,*
*Tony Sterwerf Trucking, LLC and*
*Anthony Sterwerf*

## CERTIFICATE OF SERVICE

I certify that on February 25, 2019, I electronically served the foregoing to the following participants:

Christopher M. Barry, Esq.
Alexander R. Craig, Esq.
CRAIG KELLEY & FAULTLESS, LLC
5845 Lawton Loop East Drive
Indianapolis, IN 46216
CBarry@ckflaw.com
ACraig@ckflaw.com

_____
Christopher R. Whitten
Emily M. Gettum

WHITTEN LAW OFFICE
6801 Gray Road, Suite H
Indianapolis, IN 46237
PH:    317-362-0225
Fax:   317-362-0151
cwhitten@indycounsel.com
egettum@indycounsel.com

2

STATE OF INDIANA    )                       RIPLEY CIRCUIT COURT
                             )  SS:
COUNTY OF RIPLEY    )                   CAUSE NO.: 69C01-1901-CT-2

SHANNON HALCOMB, individually,     )
A.H. and I.H., minor children by        )
Their next friend and parent Shannon  )
Halcomb, C.W., a minor child by his next )
Friend and guardian, Sharon Woods, and )
SHARON WOODS, individually,       )
                                  )
          Plaintiffs,         )
                                  )
    vs.                         )
                                  )
TONY STERWERF TRUCKING, LLC and  )
ANTHONY STERWERF,          )
                                  )
          Defendants.        )

**FILED**
February 26, 2019
RIPLEY COUNTY COURTS
WM

## <u>ORDER ON DEFENDANTS' MOTION FOR ENLARGEMENT OF TIME</u>

This matter came before the Court on Defendants' Motion for Enlargement of Time to Answer Complaint. The Court having been first duly advised, now **GRANTS** the Motion.

IT IS THEREFORE ORDERED that Defendants, Tony Sterwerf Trucking, LLC and Anthony Sterwerf, shall have up to and including April 2, 2019, in which to respond to Plaintiffs' Complaint.

Date: **February 26, 2019**

_____
Judge, Ripley Circuit Court

Copies to:
Christopher M. Barry, Esq.
Alexander R. Craig, Esq.
CRAIG KELLEY & FAULTLESS, LLC
CBarry@ckflaw.com
ACraig@ckflaw.com

Christopher R. Whitten, Esq.
Emily M. Gettum, Esq.
WHITTEN LAW OFFICE
cwhitten@indycounsel.com
egettum@indycounsel.com

STATE OF INDIANA   )
               ) SS:
COUNTY OF RIPLEY   )

IN THE RIPLEY CIRCUIT COURT

CAUSE NO.: 69C01-1901-CT-2

SHANNON HALCOMB, individually,   )
A.H. and I.H., minor children by   )
Their next friend and parent Shannon   )
Halcomb, C.W., a minor child by his next   )
Friend and guardian, Sharon Woods, and   )
SHARON WOODS, individually,   )
                      )
         Plaintiffs,   )
                      )
   vs.   )
                      )
TONY STERWERF TRUCKING, LLC and   )
ANTHONY STERWERF,   )
                      )
         Defendants.   )

## ANSWER, AFFIRMATIVE DEFENSES
## AND DEMAND FOR TRIAL BY JURY

Defendants, Tony Sterwerf Trucking, LLC and Anthony Sterwerf, by counsel, for their Answer to Plaintiffs' Complaint, state as follows:

1.   At all times relevant herein, Shannon Halcomb was living with her daughters, A.H., age three (3) and I.H., age one (1), and domiciled in Ripley County, Indiana.

**ANSWER**:  **Defendants are without information sufficient to admit or deny the allegations contained in Paragraph 1 of Plaintiffs' Complaint.**

2.   At all times relevant herein, Sharon Woods was the legal guardian of and living with C.W., age seventeen (17) and domiciled in Ripley County, Indiana.

**ANSWER**:  Defendants are without information sufficient to admit or deny the allegations contained in Paragraph 2 of Plaintiffs' Complaint.

3.     At all times relevant herein, Anthony Sterwerf was domiciled in Butler County, Ohio.

**ANSWER:**  Defendants admit the allegations contained in Paragraph 3 of Plaintiffs' Complaint.

4.     At all times relevant herein, Tony Sterwerf Trucking, L.L.C. was doing business in Ripley County, Indiana.

**ANSWER:**  At all time relevant herein, Tony Sterwerf Trucking, LLC's principal place of business is located in Hamilton, Ohio.  Defendants deny the remaining allegations contained in Paragraph 4 of Plaintiffs' Complaint.

5.     At all times relevant herein, Anthony Sterwerf was an employee of Tony Sterwerf Trucking, L.L.C. and working within the scope of said employment.  As a result of an employee-employer relationship, Tony Sterwerf Trucking, L.L.C. is liable, under the theory of *respondeat superior,* for the negligent acts or omissions of Anthony Sterwerf.

**ANSWER:**  Defendants admit that Anthony Sterwerf was a member of Tony Sterwerf Trucking, LLC and working within the scope of his agency at all times relevant herein.  Defendants admit that Tony Sterwerf Trucking, LLC is generally liable for the acts and omissions of its agents when acting

2

**in the course and scope of their agency. Defendants deny the remaining allegations contained in Paragraph 5 of Plaintiffs' Complaint.**

6.　At all times relevant herein, Tony Sterwerf Trucking, L.L.C. was a motor carrier subject to the provisions of the Federal Motor Carrier Safety Regulations as incorporated by reference in Indiana Code §8-2.1-24-18.

**<u>ANSWER</u>: Defendants admit the allegations contained in Paragraph 6 of Plaintiffs' Complaint.**

7.　At all times relevant herein, the Semi-Tractor and Trailer being operated by Anthony Sterwerf was a commercial motor vehicle subject to the provisions of the Federal Motor Carrier Safety Regulations as incorporated by reference in Indiana Code §8-2.1-24-18.

**<u>ANSWER</u>: Defendants admit the allegations contained in Paragraph 7 of Plaintiffs' Complaint.**

8.　At all times relevant herein, as the driver and operator of the Semi-Tractor and Trailer, Anthony Sterwerf was subject to the provisions of the Federal Motor Carrier Safety Regulations as incorporated by reference in Indiana Code §8-2.1-24-18.

**<u>ANSWER</u>: Defendants admit the allegations contained in Paragraph 8 of Plaintiffs' Complaint.**

3

9.     On October 24, 2018, at approximately 6:02 p.m., Sharon Woods was operating a Chevrolet eastbound on US 50, turning left onto State Road 129, in Ripley County, Indiana.

**ANSWER:  Defendants admit the allegations contained in Paragraph 9 of Plaintiffs' Complaint.**

10.     On October 24, 2018, at approximately 6:02 p.m., Shannon Halcomb, A.H., I.H., and C.W. were passengers in the Chevrolet being operated by Sharon Woods.

**ANSWER:  Defendants admit the allegations contained in Paragraph 10 of Plaintiffs' Complaint.**

11.     At said date and time, Anthony Sterwerf was operating a Semi-Tractor and Trailer southbound on State Road 129, at the intersection with US 50, in Ripley County, Indiana.

**ANSWER:  Defendants admit the allegations contained in Paragraph 11 of Plaintiffs' Complaint.**

12.     At said date and time, there was no sign directing eastbound traffic on US 50 to stop or yield at the intersection with State Road 129.

**ANSWER:  Defendants deny the allegations contained in Paragraph 12 of Plaintiffs' Complaint.**

4

13.     At said date and time, there was a sign directing southbound traffic on State Road 129 to stop at the intersection with US 50.

**ANSWER:  Defendants admit the allegations contained in Paragraph 13 of Plaintiffs' Complaint.**

14.     At said date and time, Anthony Sterwerf operated the Semi-Tractor and Trailer in such a negligent manner that it failed to yield the right-of-way and collided with the Chevrolet being occupied by Sharon Woods, Shannon Halcomb, A.H., I.H., and C.W.

**ANSWER:  Defendants admit that at said date and time, a collision occurred between the Semi-Tractor-Trailer operated by Anthony Sterwerf and the Chevrolet Camaro occupied by Sharon Woods, Shannon Halcomb, A.H., I.H. and C.W.  Defendants deny the remaining allegations contained in Paragraph 14 of Plaintiffs' Complaint.**

15.     At all times relevant herein, Anthony Sterwerf owed various duties which included, but are not limited to, the following:

a.     a duty to exercise reasonable and ordinary care in the operation of the vehicle;

b.     a duty to maintain proper control of the vehicle;

c.     A duty to keep a proper lookout;

d.     a duty to operate the vehicle at a reasonable speed under the circumstances in order to avoid a collision;

5

e.      a duty to yield the right-of-way; and

f.      a duty to obey the stop sign.

**ANSWER:   Defendants admit that Anthony Sterwerf, at all times relevant herein, owed the duties imposed by the laws of the State of Indiana and federal regulations on commercial vehicle drivers.   Defendants deny the allegations contained in Paragraph 15 of Plaintiffs' Complaint, and each of its subparts, to the extent that they are inconsistent with the applicable state and federal laws and regulations.**

16.      On October 24, 2018, at approximately 6:02 p.m., Anthony Sterwerf negligently breached the duties that were owed which included, but are not limited to, the following:

a.      failing to exercise reasonable and ordinary care in the operation of the vehicle;

b.      failing to maintain proper control of the vehicle;

c.      failing to keep a proper lookout;

d.      failing to operate a vehicle at a reasonable speed under the circumstances in order to avoid a collision;

e.      failing to yield the right-of-way; and

f.      failing to obey the stop sign.

**ANSWER:   Defendants deny the allegations contained in Paragraph 16 of Plaintiffs' Complaint.**

17.     Some or all of Anthony Sterwerf's negligent acts or omissions were violations of statutes or ordinances, for which there was no excuse or justification, that were designed to protect the class of persons, in which Sharon Woods, Shannon Halcomb, A.H., I.H., and C.W. were included, against the risk of harm which occurred as a result of the violations.

**ANSWER:  Defendants deny the allegations contained in Paragraph 17 of Plaintiffs' Complaint.**

18.     As a direct and proximate result of Anthony Sterwerf's negligence, Shannon Halcomb:

- a.     has sustained physical and emotional injuries, which might be permanent in nature and have affected the ability to function as a whole person;

- b.     has sustained physical pain and mental suffering, and it is likely physical pain and mental suffering will be experienced in the future, as a result of the injuries;

- c.     has incurred reasonable expense for necessary medical care, treatment, and services, and it is likely expenses for future medical care, treatment, and service will also be incurred;

- d.     may have had personal property damaged or destroyed and lost the use of personal property;

- e.     may have lost earnings, profits or income;

- f.     may have lost or suffered an impairment of earning capacity;

- g.     may have sustained bodily disfigurement or deformity; and

- h.     may have been otherwise damaged and injured.

**ANSWER:  Defendants deny the allegations contained in Paragraph 18 of Plaintiffs' Complaint, including each of its subparts.**

7

19.    As a direct and proximate result of Anthony Sterwerf's negligence, I.H.:

    a.    has sustained physical and emotional injuries, which might be permanent in nature and have affected the ability to function as a whole person;

    b.    has sustained physical pain and mental suffering, and it is likely physical pain and mental suffering will be experienced in the future, as a result of the injuries;

    c.    has incurred reasonable expenses for necessary medical care, treatment and services, and it is likely future medical care treatment and services will also be incurred;

    d.    may have sustained bodily disfigurement or deformity; and

    e.    may have been otherwise damaged or injured.

**ANSWER:  Defendants deny the allegations contained in Paragraph 19 of Plaintiffs' Complaint, including each of its subparts.**

20.    As a direct and proximate result of Anthony Sterwerf's negligent, A.H.:

    a.    has sustained physical and emotional injuries, which might be permanent in nature and have affected the ability to function as a whole person;

    b.    has sustained physical pain and mental suffering, and it is likely physical pain and mental suffering will be experienced in the future, as a result of the injuries;

    c.    has incurred reasonable expenses for necessary medical care, treatment and services, and it is likely future medical care treatment and services will also be incurred;

d.     may have sustained bodily disfigurement or deformity; and

e.     may have been otherwise damaged or injured.

**ANSWER:** **Defendants deny the allegations contained in Paragraph 20 of Plaintiffs' Complaint, including each of its subparts.**

21.    As a direct and proximate result of Anthony Sterwerf's negligent, Sharon Woods:

a.     has sustained physical and emotional injuries, which might be permanent in nature and have affected the ability to function as a whole person;

b.     has sustained physical pain and mental suffering, and it is likely physical pain and mental suffering will be experienced in the future, as a result of the injuries;

c.     has incurred reasonable expense for necessary medical care, treatment, and services, and it is likely expenses for future medical care, treatment, and service will also be incurred;

d.     may have had personal property damaged or destroyed and lost the use of personal property;

e.     may have lost earnings, profits or income;

f.     may have lost or suffered an impairment of earning capacity;

g.     may have sustained bodily disfigurement or deformity; and

h.     may have been otherwise damaged and injured.

**ANSWER:** **Defendants deny the allegations contained in Paragraph 21 of Plaintiffs' Complaint, including each of its subparts.**

22.    As a direct and proximate result of Anthony Sterwerf's negligence, C.W.:

a.   has sustained physical and emotional injuries, which might be permanent in nature and have affected the ability to function as a whole person;

b.   has sustained physical pain and mental suffering, and it is likely physical pain and mental suffering will be experienced in the future, as a result of the injuries;

c.   has incurred reasonable expenses for necessary medical care, treatment and services, and it is likely future medical care treatment and services will also be incurred;

d.   may have sustained bodily disfigurement or deformity; and

e.   may have been otherwise damaged or injured.

**ANSWER:  Defendants deny the allegations contained in Paragraph 22 of Plaintiffs' Complaint, including each of its subparts.**

## AFFIRMATIVE DEFENSES

Defendants, Tony Sterwerf Trucking, LLC and Anthony Sterwerf, by counsel, for their Affirmative Defenses to Plaintiffs' Complaint Plaintiff's Complaint, state as follows:

1.   Plaintiffs' damages were caused, in whole or in part, by their own negligence. As such, Plaintiffs' damages, if any, should be reduced by percentage of the comparative fault of the Plaintiffs.

2.   Plaintiffs' negligence exceeds fifty percent (50%) of the total fault attributable to this incident, thereby barring recovery.

3.   Subject to further discovery, Plaintiffs may have failed to mitigate their damages.

4.      Defendants hereby specifically deny any and all allegations in Plaintiffs' Complaint that were not specifically admitted.

5.      Defendants reserve the right to assert additional Affirmative Defenses.

WHEREFORE, Defendants, Tony Sterwerf Trucking, LLC and Anthony Sterwerf, respectfully request that Plaintiffs take nothing by way of their Complaint, for costs of this action, and for all other just and proper relief.

## DEMAND FOR TRIAL BY JURY

Defendants, Tony Sterwerf Trucking, LLC and Anthony Sterwerf, by counsel, respectfully request this matter be tried by a jury.

Respectfully submitted,

WHITTEN LAW OFFICE

Christopher R. Whitten/20429-49

Emily M. Gettum/31012-41
*Counsel for Defendants,*
*Tony Sterwerf Trucking, LLC and*
*Anthony Sterwerf*

11

## CERTIFICATE OF SERVICE

I certify that on the 29th day of March, 2019, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which sent notification to the following CM/ECF participants:

Christopher M. Barry, Esq.
Alexander R. Craig, Esq.
CRAIG KELLEY & FAULTLESS, LLC
5845 Lawton Loop East Drive
Indianapolis, IN 46216
CBarry@ckflaw.com
ACraig@ckflaw.com

Christopher R. Whitten
Emily M. Gettum

WHITTEN LAW OFFICE
6801 Gray Road, Suite H
Indianapolis, IN 46237
PH:   317-362-0225
FX:   317-362-0151
cwhitten@indycounsel.com
egettum@indycounsel.com